IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
RONALD C. PADILLA & EVA K. PADILLA,           No. 10-04080 CW

          Plaintiffs,                          ORDER GRANTING
                                               DEFENDANT'S
     v.                                        MOTION TO DISMISS
                                               AND VACATING CASE
ONE WEST BANK,                                 MANAGEMENT
                                               CONFERENCE
          Defendant.
                                        /
```

    This case involves Defendant's attempt to foreclose on a deed of trust that is secured by Plaintiffs' residence. Defendant One West Bank moves to dismiss all of the claim asserted in Plaintiffs' complaint. Plaintiffs Ronald C. and Eva K. Padilla, acting pro se, oppose the motion. The matter was taken under submission on the papers. Having considered all the papers filed by the parties, the Court grants the motion to dismiss and dismisses all claims without leave to amend, except that Plaintiffs are granted leave to amend their claim under the Real Estate Settlement Procedures Act.

BACKGROUND

    Plaintiffs' complaint is composed, for the most part, of general allegations about the mortgage industry. The only specific allegations are that Plaintiffs "entered into a consumer contract for the refinance of a primary residence located at 2555 Spyglass

Hills Road, Livermore, California." Comp. at 1. The complaint then alleges that "Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant."[1] Plaintiffs do not identify Defendant One West Bank and do not allege how One West Bank has caused the violations they assert in their complaint.

From the documents submitted by Defendant One West Bank, of which the Court takes judicial notice, the following facts can be ascertained.[2] Plaintiffs purchased the Property in July, 2006. Request for Judicial Notice (RJN), Ex. 1, Grant Deed recorded July 12, 2006. Also, on July 12, 2006, a Deed of Trust was recorded against the Property, securing a mortgage loan in the amount of $467,100. RJN, Ex. 2, Deed of Trust. The Deed of Trust indicates that Plaintiffs were the borrowers of the loan; Mortgageit, Inc. was the lender; North American Title was the trustee; and Mortgage Electronic Registration Systems, Inc. (MERS) was the beneficiary, as nominee for the lender. Attached to the Deed of Trust is an adjustable rate rider indicating that the loan contained provisions that would allow the interest rate and monthly payments to change.

On April 1, 2010, after Plaintiffs accrued approximately $16,249 in mortgage payment arrearages, a notice of default was recorded against the property. RJN, Exhibit 3. The notice indicates that, to find out how much they must pay and to arrange for payment to stop the foreclosure, Plaintiffs should contact the

---

[1] Although Plaintiffs' allegations speak of "Defendants," they name only one Defendant, One West Bank.

[2] The Court grants Defendant's request for judicial notice.

2

Bank of America, in care of Meridian Foreclosure Service.  On April 21, 2010, a Substitution of Trustee form was signed by One West Bank, on behalf of the Bank of America, to substitute Meridian Trust Deed Service (MTDS) as Trustee on the Deed of Trust.  RJN, Exhibit 4.  This Substitution of Trustee form was recorded on July 1, 2010.  Id.  On June 24, 2010, MERS, as nominee for Mortgageit, Inc., assigned its beneficial interest in the Deed of Trust to the Bank of America.  RJN, Exhibit 6.  This Assignment of Deed of Trust was recorded on July 2, 2010.  Id.  On July 1, 2010, MTDS recorded a Notice of Trustee's Sale of the Property, setting the foreclosure sale date as July 23, 2010.  RJN, Exhibit 5.  One West Bank indicates that the foreclosure sale has been postponed.

    In its motion, One West Bank refers to itself as the servicer of Plaintiffs' loan.  In their opposition, Plaintiffs mention One West Bank once, representing that they have alleged that One West Bank "committed fraud by representing to the court that One West Bank is a real party in interest in the contract of sale and has standing to take said property from Defendant [sic] when no such claim exists."  Opp. at 7.  This appears to be an attempt to argue that the lack of the original loan document means One West Bank lacks standing to foreclose.  For the reasons discussed below, this is insufficient to forestall foreclosure.  It is also insufficient to establish that One West Bank lacks standing to foreclose. Although One West Bank does not provide a specific document in which the Bank of America appoints it to be the servicer of Plaintiffs' loan, the recorded documents establish that the Bank of America is the assignee of the beneficial interest of the loan.

3

One West Bank has signed several of the documents on behalf of the Bank of America, thus corroborating the former's statement that it is the servicer of Plaintiffs' loan.

Plaintiffs assert the following causes of action: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of the covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress. Plaintiffs pray for damages in the amount of $1,230,891, punitive damages in the amount of $3,692,675, rescission of the loan contract, quiet title to the property and an injunction enjoining Defendant(s) from engaging in fraudulent, deceptive, predatory and negligent acts.[3]

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc.

---

[3] Plaintiffs allude to other statutes in the "General Allegations" section of their complaint. However, only these six causes of action are listed after the heading, "Causes of Action."

4

v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

As stated above, Plaintiffs allude to several statutes and claims, such as civil conspiracy, criminal conspiracy and violation of the Federal Trade Commission Act (FTCA),[4] in their general allegations, which they do not include in their asserted causes of action. In its motion, One West Bank moves to dismiss these claims. In their opposition, Plaintiffs only mention the FTCA claim. Therefore, One West Bank's motion to dismiss all the claims alluded to in the general allegations of the complaint is granted,

---

[4] Defendant correctly points out that there is no private right of action under the FTCA. See Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973).

5

with the exception of the claim for violation of the Real Estate Settlement Procedures Act (RESPA), as discussed below.[5]

## I. Claims Predicated on Production of Original Promissory Note

One West Bank notes that Plaintiffs appear to premise their causes of action on the fact that a trustee's sale would be improper because One West Bank has not produced, upon Plaintiffs' request, the original promissory note. Citing Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994), One West Bank argues that it has met its legal obligations under California Civil Code §§ 2924 et seq. by recording the Notice of Default in the Alameda County recorder's office, thus beginning the non-judicial foreclosure sale process. Plaintiffs, in their opposition, do not respond to this argument. Moeller recited the procedures, under § 2924, that must take place before a non-judicial foreclosure sale may proceed. Id. These procedures include providing the debtor/trustor several opportunities to cure the default and avoid the loss of the property. Id. The statute does not require the beneficiary, or its servicer, to produce the original note to the debtor/trustor. Therefore, any general claim premised on the requirement that One West Bank produce the original promissory note before foreclosure may proceed is dismissed.

---

[5] Defendant also argues that all the claims must be dismissed because Plaintiffs have failed to tender the amount of the secured debt. Defendant's cases involve actions seeking to cancel a voidable sale under a deed of trust, see e.g., Karlsen v. American Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971), and are not applicable to the instant case where a sale has not yet occurred. However, as discussed below, this defense is applicable to Plaintiffs' claim for rescission under TILA.

6

II. Breach of Fiduciary Duty

Citing <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (2006), One West Bank argues that there is no fiduciary relationship between a lender and a borrower. Plaintiffs, in their opposition, do not respond to this argument. <u>Oaks</u> stated the rule that, absent special circumstances, a loan transaction, like all ordinary banking transactions, does not establish a fiduciary relationship between the borrower and lender. <u>Id.</u> As One West Bank correctly notes, it was not a party to the original loan transaction and, therefore, had no duty to make any disclosures to Plaintiffs regarding their loan. Furthermore, there is no fiduciary relationship between a loan servicer and a borrower. <u>Castaneda v. Saxon Mortg. Servs., Inc.</u>, 2010 WL 726903, *7 (E.D. Cal.) (applying California law). The motion to dismiss this claim is granted. It is dismissed without leave to amend because amendment would be futile.

III. Negligence and Negligence Per Se

Under their negligence causes of action, Plaintiffs allege that Defendants [sic] owed a general duty of care to perform due diligence as to their loan and to avoid marketing loans they knew that borrowers could not afford.

The allegations of this cause of action focus on the original loan agreement, which Plaintiffs entered into in 2006. One West Bank was appointed as servicer of the deed of trust after the loan was assigned to the Bank of America in 2010. Therefore, One West Bank could not have undertaken any of the improper acts alleged in this cause of action. Further, as correctly noted by One West

7

Bank, it owes Plaintiffs no legal duty of care, an essential element of a claim based on negligence.  Therefore, Plaintiffs' negligence causes of action are dismissed without leave to amend, because amendment would be futile.

IV. Fraud

In this cause of action, Plaintiffs allege that unnamed "Agents" made misrepresentations with the intention of inducing Plaintiffs to act in reliance on them.

Because all of Plaintiffs' allegations of fraud address the loan origination and closing procedures, they do not implicate One West Bank, which became the servicer of the loan after it was assigned to the Bank of America.  Therefore, One West Bank is not the proper Defendant on this claim.  Also, Plaintiffs' allegations lack the specificity required under Federal Rule of Civil Procedure 9(b) for all claims sounding in fraud.  <u>See</u> Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); <u>also see</u>, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987) (allegations must include the time, place and nature of the alleged fraudulent activities).  Therefore, One West Bank's motion to dismiss this claim is granted.  This claim is dismissed without leave to amend because amendment would be futile.

V. Breach of the Covenant of Good Faith and Fair Dealing

Under California law, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties,

8

since the covenant is an implied term in the contract." <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).

Plaintiffs have not alleged that they have any direct contractual relationship with One West Bank. In their opposition, Plaintiffs do not address Defendant's argument on this point. Therefore, Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed without leave to amend, because amendment would be futile.

V. Truth in Lending Act

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1169 (9th Cir. 2003) (citing 15 U.S.C. § 1601(a)). If required disclosures are not made, the consumer may obtain damages or seek to rescind the loan. <u>Id.</u> at 1170; <u>Martinez v. EMC Mortg. Corp.</u>, 2009 WL 2043013, *5 (E.D. Cal.).

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor. 15 U.S.C. §§ 1640, 1641; <u>Redic v. Gary H. Watts Realty Co.</u>, 762 F.2d 1181, 1185 (4th Cir. 1985); <u>Nevis v. Wells Fargo Bank</u>, 2007 WL 2601213, *2 (N.D. Cal.). Servicers of consumer obligations are not treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f); <u>Chow v. Aegis Mortg. Corp.</u>, 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

Here, Mortgageit was the original lender of the loan and the Bank of America is the assignee. One West Bank is the loan servicer

9

on behalf of the Bank of America. Because One West Bank is not the original lender or the assignee of the lender, it is not a proper party to a TILA action, and, therefore, this claim is dismissed.

Moreover, One West Bank cannot be liable for damages because the one-year statute of limitations has expired. 15 U.S.C. § 1640(e). Plaintiffs executed the loan agreement in July, 2006 but they filed their lawsuit in September, 2010. Thus, the claim for damages is untimely.

Further, as One West Bank correctly argues, Plaintiffs' claim for rescission fails because they have not alleged the present ability to tender amounts owed under the loan. Courts have discretion to condition rescission under TILA on tender by the borrower of the property he received by the lender. Yamamoto, 329 F.3d at 1171; Martinez v. EMC Mortgage Corp., 2009 WL 2043013 *6 (E.D. Cal.) (noting "absent meaningful tender, TILA rescission is an empty remedy, not capable of being granted"). Plaintiffs do not respond to Defendant's argument that they must tender amounts owed under the loan. Furthermore, the right of rescission under TILA cannot be brought more than three years after the consummation of the transaction. Beach v. Ocwen Federal Bank, 523 U.S. 410, 411 (1998) (15 U.S.C. § 1635(f) provides that right of rescission expires three years after loan closes or upon the sale of secured property, whichever is earlier). Because Plaintiffs' complaint was filed more than three years after the consummation of the loan transaction, the claim for rescission is untimely.

For all of the reasons above, the Court grants One West Bank's motion to dismiss the TILA claim. Dismissal is without leave to

10

amend because amendment would be futile.

## VI. Real Estate Settlement Procedures Act (RESPA)

Although Plaintiffs do not include a claim for violation of RESPA, 12 U.S.C. § 2601 et seq., in the section of the complaint titled, "Causes of Action," the Court addresses it because Plaintiffs mention it several times in the "General Allegations" section of their complaint.

One West Bank argues that RESPA does not provide a private right of action.  This is incorrect.  There are three sections in RESPA that provide a private right of action: (1) § 2605 requires disclosure to a loan applicant of whether the servicing of the loan may be assigned, sold or transferred; notice to the borrower at the time of transfer; and responses by the loan servicer to qualified written requests by the borrower; (2) § 2607 prohibits kickbacks; and (3) § 2608 prohibits sellers from requiring buyers to purchase title insurance on a property as a condition of its sale.

Although Plaintiffs do not make clear under which sections of RESPA they bring their claim, they allege that they made a request for the production of the original promissory note and imply that One West Bank did not respond.  Comp. at 2.  This may be a claim under § 2605 for a response to a qualified written request.

The statute of limitation for § 2605 claims is three years, see 12 U.S.C. § 2614, and thus, a § 2605 claim premised on Plaintiffs' request for documents from One West Bank is not time-barred.  RESPA places a duty upon loan servicers to respond to "qualified written requests."  Lawther v. Onewest Bank, 2010 WL 4936797, *6 (N.D. Cal.) A qualified written request is one that includes identifying

11

information about the borrower and provides "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(c)(1). The request must be related to the servicing of the loan, and the servicer must provide a written response acknowledging receipt of the correspondence within twenty days, unless the requested action is taken within that period. Lawther, 2010 WL 4936797 at *6. A loan servicer must respond only if the information requested is related to loan servicing. Id. If a loan servicer fails to comply with the provisions of § 2605, a borrower is entitled to any actual damages as a result of the failure. Id. The plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss. Id. The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation. Id. at *7.

It is possible that Plaintiffs could state a claim under § 2605 against One West Bank as the servicer of their loan. However, they have not alleged that they made a qualified request for information related to the servicing of their loan, that One West Bank did not respond to their request in accordance with § 2605 or that this failure caused them to suffer damages. Therefore, the RESPA claim is dismissed with leave to amend, if Plaintiffs can truthfully correct these deficiencies.

VII. Intentional Infliction of Emotional Distress

The elements of a cause of action for intentional infliction of emotional distress are (1) extreme and outrageous conduct

12

(2) intended to cause or done in reckless disregard for causing (3) severe emotional distress and (4) actual and proximate causation.  Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979).  The conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community," id., and the distress so severe "that no reasonable man in a civilized society should be expected to endure it," Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).  Plaintiffs have not alleged such conduct by One West Bank, nor can they, except on the basis of their putative RESPA claim, because One West Bank is not the proper party against whom they can bring any other claim alleged in their complaint.  Therefore, One West Bank's motion to dismiss this claim is granted.  It is dismissed without leave to amend because amendment would be futile.

VIII. Equitable Tolling

In their complaint, Plaintiffs make the general observation that the statutes of limitations for RESPA and TILA claims are subject to equitable tolling.  In their opposition, Plaintiffs assert that equitable tolling applies because: (1) they dealt only with licensed individuals and, thus, Plaintiffs had cause to trust their statements regarding the real estate market, the true value of the property, and the propriety of the fees charged at loan closing; (2) Defendants [sic] actively concealed the truth from Plaintiffs so as to defraud them; and (3) Plaintiffs, once they learned of the pervasive fraud affecting the real estate industry, acted immediately and with due diligence to examine Defendants' [sic] behavior and discovered the fraud alleged in the complaint.  The

13

Court finds that these conclusory statements are insufficient to establish that equitable tolling applies to Plaintiffs' claims.

Because the only claim that is cognizable against One West Bank is the RESPA claim under § 2605, which is not time-barred, Plaintiffs do not have to re-plead equitable tolling in their amended complaint.

## CONCLUSION

In summary, all claims are dismissed without leave to amend, with the exception of the RESPA claim. The RESPA claim is dismissed with leave to amend for Plaintiffs to remedy, if they truthfully can do so, the deficiencies noted in this Order. If Plaintiffs choose to file an amended complaint, they must do so within fourteen days from the date of this Order. If they do not file an amended complaint within this time, the RESPA claim will be dismissed for failure to prosecute. In their amended complaint, Plaintiffs may not add any other claims against Defendant. The case management conference scheduled for December 21, 2010 is vacated.

IT IS SO ORDERED.

Dated: 12/20/2010

CLAUDIA WILKEN
United States District Judge

14