IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. PADILLA and EVA PADILLA, | No. 10-04080 CW |
|     Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT |
|     v. | |
| ONE WEST BANK, | |
|     Defendant. | |

    This case involves Defendant's attempt to foreclose on a deed of trust that is secured by Plaintiffs' residence. On December 20, 2010, the Court issued an order dismissing all of Plaintiffs' claims. Plaintiffs' claim under the Real Estate Settlement Procedures Act (RESPA) was dismissed with leave to amend; all other claims were dismissed without leave to amend because amendment would be futile. Plaintiffs were given fourteen days in which to file an amended complaint to remedy the deficiencies noted in the RESPA claim. Plaintiffs did not file an amended complaint within fourteen days and, on January 6, 2011, the Court dismissed the RESPA claim and closed the case.

    On April 15, 2011, Ronald Padilla filed a letter requesting that the Court set aside its judgment on the ground that Defendant

did not offer to mediate pursuant to a bill introduced in the House of Representatives known as the Foreclosure Mandatory Mediation Act of 2010 which requires lenders of home loans to consent to mandatory mediation.  The Court construes this as a motion for relief from the judgment under Federal Rule of Procedure 60.

Federal Rule of Civil Procedure 60(b) provides that, "upon such terms as are just," a court may relieve a party from final judgment for the following reasons:

>     (1) mistake, inadvertence, surprise, or excusable
>     neglect; (2) newly discovered evidence which by due
>     diligence could not have been discovered in time to move
>     for a new trial under Rule 59(b); (3) fraud,
>     misrepresentation, or other misconduct of an adverse
>     party; (4) the judgment is void; (5) the judgment has
>     been satisfied, released or discharged; (6) any other
>     reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b).  A motion brought under Rule 60(b) is similar to a motion under Rule 59 of the Federal Rules of Civil Procedure, except that it may be asserted after the ten-day time limit for motions brought under Rule 59.  Rule 59(e) motions to alter or amend the judgment are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).

Plaintiffs have not met the requirements of Rule 59 or 60.  They has not provided new evidence or shown that other extraordinary circumstances justify reconsideration of the Court's judgment.  A bill introduced in the House of Representatives does

2

1  not qualify as an intervening change in controlling law.
2       Therefore, Plaintiffs' motion for relief from the judgment is
3  denied.
4
5       IT IS SO ORDERED.
6
7  Dated: 5/5/2011
                                    CLAUDIA WILKEN
8                                   United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD C. PADILLA et al,

    Plaintiff,

v.

ONE WEST BANK et al,

    Defendant.

Case Number: CV10-04080 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eva K. Padilla
2555 Spyglass Hills Rd.
Livermore, CA 94551

Ronald C. Padilla
2555 Spyglass Hills Rd.
Livermore, CA 94551

Dated: May 5, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4